# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER LAVARION FANTROY, SR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-1272-KHV-GEB |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on plaintiff Christopher Lavarion Fantroy, Sr.'s Motion to Proceed without Prepayment of Fees (**ECF No. 3**), and his Motion to Appoint Counsel (**ECF No. 4**). For the reasons set forth below, Plaintiff's Motion to proceed *in forma pauperis* (**ECF No. 3**) is **GRANTED**, and his Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

### I. Motion to Proceed Without Payment of Fees (ECF No. 3)

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).

otherwise.'"[2] To determine whether a party is eligible to file without prepayment of the fee, the Court commonly reviews that party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3] In keeping with the Court's liberal policy toward permitting proceedings *in forma pauperis*,[4] and after careful review of Plaintiff's affidavit of financial resources (ECF No. 3-1, *sealed*), the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.** Because Plaintiff proceeds in forma pauperis, the clerk of the court shall take the appropriate steps to serve Defendant with the summons and complaint as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

## II.     Motion for Appointment of Counsel (ECF No. 4)

There is no constitutional right to counsel in a civil action.[5] For parties like Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[6] In its broad discretion, the Court evaluates multiple factors when deciding whether to request

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).
[4] *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).
[5] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[6] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).

an attorney for an indigent party.[7] In *Castner v. Colorado Springs Cablevision*,[8] the Tenth Circuit identified four factors which are relevant to the district court's decision whether to appoint counsel: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. Thoughtful and prudent care in appointing representation is necessary so willing counsel may be located,[9] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to accept appointment is also paramount.[10]

After careful consideration, the Court declines to appoint counsel to represent Plaintiff at this time. Plaintiff has satisfied the first prong of the *Castner* analysis—his inability to afford counsel—through the financial affidavit provided with his motion to proceed *in forma pauperis* (ECF No. 3-1 and 3-2, *sealed*).

However, the Court finds the remaining factors weigh against appointing counsel. First, the Court's form Motion to Appoint Counsel clearly explains the Court expects a party to confer with at least five attorneys prior to seeking appointed counsel. Apparently ignoring these instructions, Plaintiff provided a list of only two attorneys whom he contacted about his case. Plaintiff should contact the Lawyer Referral Service of the Kansas Bar Association (1-800-928-3111) and/or the Wichita Bar Association (316-263-2251, ext. 113) to seek names of attorneys who represent social security disability claimants.

---

[7] *Jackson*, 2014 WL 494789, at *1.
[8] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417 (10th Cir. 1992).
[9] *Castner,* 979 F.2d at 1421.
[10] *Jackson,* 2014 WL 494789, at *3.

Additionally, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in his Complaint. And, at this stage, Plaintiff has not demonstrated any reason why he is unable to adequately present the case on his own. The factual and legal issues in this case are not expected to be unusually complex. Plaintiff is simply asking the Court to review his medical records which the Social Security Administration reviewed when determining his eligibility for benefits.

The Court recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present his case.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13] Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 4**) is **DENIED** without prejudice.

---

[11] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).
[12] *Id.* (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C. Cir. 1998)).
[13] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 3rd day of December, 2018.

s/ Gwynne E. Birzer<br>
GWYNNE E. BIRZER<br>
United States Magistrate Judge